UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS LORENZO JONES,

    Plaintiff,

    v.                              CAUSE NO. 3:23-CV-82-DRL-MGG

OHDA,

    Defendants.

OPINION AND ORDER

Marcus Lorenzo Jones, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

The bulk of Mr. Jones' complaint centers on an alleged use of excessive force that occurred after he was transported from Indiana State Prison to the Elkhart County Correctional Center. He alleges that after he arrived at the correctional center, he and the other inmates from the transport were standing in line, waiting to be searched. While they were waiting, he was talking to the person next to him. This, he says, angered Officer Odha, who then escorted Mr. Jones around the corner to an area without cameras. At this time, Mr. Jones was wearing a belly chain with wrist restraints and ankle shackles. Mr.

Jones alleges that Officer Ohda slammed him to the ground and assaulted him while he was fully restrained and could not protect himself. A second unknown officer came and assisted Officer Ohda in assaulting Mr. Jones. Mr. Jones heard one of the officers telling the other to tase him, at which point, he felt a sharp pain in his lower back and a "painful burning sensation" in his lower spine. ECF 1 at 4.

Because the events in question occurred after Mr. Jones was convicted and while he was serving his sentence, the Eighth Amendment applies here. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Giving Mr. Jones the inferences to which he is entitled at this stage, he has plausibly alleged that Officer Ohda and the unknown officer[1] used excessive force against him.

---

[1] Because the identity of this officer is unknown, the Sheriff of Elkhart County in his official capacity will remain as a defendant for the limited purpose of helping identify the other officer involved. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Until the other officer is identified and named in an amended complaint, he will not be included as a defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

Mr. Jones further claims he was denied adequate medical care. ECF 1 at 5-6. He states that after the assault, an unknown nurse was called over, as she was the only one authorized to remove the taser prongs from his lower back. After being transported to a holding cell, Mr. Jones requested that a nurse come to examine his back, which was still bleeding from having the prongs ripped out. Instead, Officer Ohda came with an alcohol pad and a band-aid.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To succeed on this claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively, sufficiently serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is objectively serious "if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Jones' allegations do not support claims for deliberate indifference based on the decisions and actions of the unknown nurse and Officer Ohda. While Mr. Jones requested a nurse come examine his lower back, inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th

3

Cir. 1997). Officer Ohda responded to his request by bringing an alcohol pad and band-aid and applying it to Mr. Jones' back. Nothing in the complaint suggests that Mr. Jones' wound constituted a serious medical need or required more care than this. Thus, it cannot plausibly be said that the nurse and Officer Ohda were deliberately indifferent to Mr. Jones' complaints. The unknown nurse will be dismissed.

Finally, the complaint is vague as to the reason why Mr. Jones is suing the other named defendants: the Sheriff of Elkhart County, other unnamed officers, and an unknown Elkhart detective. There are no allegations connecting them to the alleged use of excessive force, so no claims may proceed against them.

For these reasons, the court:

(1) GRANTS Marcus Lorenzo Jones leave to proceed against Officer Ohda in his individual capacity for compensatory and punitive damages for using excessive force by slamming him to the ground, assaulting him, and tasing him while he was fully restrained and not posing a threat in violation of the Eighth Amendment on or around June 28, 2021;

(2) DISMISSES all other claims;

(3) DISMISSES Officers, Nurse, and Detective;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Odha and the Sheriff of Elkhart County at the Elkhart County Correctional Center, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Elkhart County Sheriff's Office to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(6) WAIVES the Elkhart County Sheriff's obligation to file an answer to the complaint;

(7) ORDERS the Elkhart County Sheriff in his official capacity to appear and identify the unknown officer who was involved in the use of force against Marcus Lorenzo Jones on or around June 28, 2021, after he was transported to the Elkhart Community Correctional Center from Indiana State Prison before **October 27, 2023**, or show cause why he is unable to do so;

(8) GRANTS Marcus Lorenzo Jones until **November 27, 2023**, to amend his complaint to name the previously unknown officer identified by the Sheriff of Elkhart County;

(9) CAUTIONS Marcus Lorenzo Jones that if he does not file an amended complaint naming the unknown officer by the deadline, this case will proceed only against Officer Odha;

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Ohda to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 2, 2023              *s/ Damon R. Leichty*
                             Judge, United States District Court