UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS LORENZO JONES,

Plaintiff,

v.                                                    CAUSE NO. 3:23-CV-82-DRL-MGG

JAX OHDA and EVAN HORVATH,

Defendants.

OPINION AND ORDER

Marcus Lorenzo Jones, a prisoner without a lawyer, filed an amended complaint, identifying the unknown officer from his original complaint as Evan Horvath. ECF 23. Mr. Jones' original complaint stated an Eighth Amendment claim of excessive force against two officers—Officer Odha and an unknown officer—when he was being transported from Indiana State Prison to the Elkhart County Correctional Center for a court hearing. ECF 1, 17. The Elkhart County Sheriff was made a defendant in his official capacity for the limited purpose of identifying the other officer involved in the use of force. He filed a notice, identifying the unknown officer as former Elkhart County Correctional Officer Evan Horvath and noted that the incident occurred on July 28, 2021, not June 28, 2021, as stated in the original complaint. ECF 21.

Mr. Jones filed an amended complaint, naming Officer Jax Odha and Officer Evan Horvath as defendants, removing the other defendants who were previously named, and correcting the date the incident occurred, but otherwise keeping the allegations the same. The court will, therefore, limit discussion to the excessive force claim when screening the

amended complaint under 28 U.S.C. § 1915A, to determine if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted).

Mr. Jones alleges that after he arrived at the Elkhart County Correctional Center on July 28, 2021, he and the other inmates from the transport were standing in line, waiting to be searched. While they were waiting, he was talking to the person next to him. This, he says, angered Officer Odha, who then escorted Mr. Jones around the corner to an area without cameras. At this time, Mr. Jones was wearing a belly chain with wrist restraints and ankle shackles. Mr. Jones alleges that Officer Ohda slammed him to the ground and assaulted him while he was fully restrained and could not protect himself. He says Officer Horvath then came and assisted Officer Ohda in assaulting Mr. Jones. Mr. Jones heard one of the officers telling the other to use a TASER on him, at which point he felt a sharp pain in his lower back and a "painful burning sensation" in his lower spine. ECF 23 at 3.

Because the events in question occurred after Mr. Jones was convicted and while he was serving his sentence, the Eighth Amendment applies. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but

maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Giving Mr. Jones the inferences to which he is entitled at this stage, he has plausibly alleged that Officer Ohda and Officer Horvath used excessive force against him.

For these reasons, the court:

(1) GRANTS Marcus Lorenzo Jones leave to proceed against Officer Jax Odha and Officer Evan Horvath in their individual capacities for compensatory and punitive damages for using excessive force by slamming him to the ground, assaulting him, and tasing him while he was fully restrained and not posing a threat in violation of the Eighth Amendment on or around July 28, 2021;

(2) DISMISSES all other claims;

(3) DISMISSES the Elkhart County Sheriff;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to sign, date, and seal a summons for the United States Marshals Service to use any lawful means to locate and serve process on Evan Horvath with a copy of this order and the amended complaint (ECF 23);

(5) ORDERS Elkhart County Sheriff to provide the full name, date of birth, and last known home address of Evan Horvath if he has such information;

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Evan Horvath to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(7) REMINDS Jax Odha that under Fed. R. Civ. P. 15(a)(3) his answer to the amended complaint is due within 14 days.

SO ORDERED.

December 11, 2023                                    _s/ Damon R. Leichty_
                                                    Judge, United States District Court

4