UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS LORENZO JONES,

Plaintiff,

v.

CAUSE NO. 3:23-CV-82-DRL-MGG

OHDA and EVAN HORVATH,

Defendants.

OPINION AND ORDER

Marcus Lorenzo Jones, a prisoner without a lawyer, is proceeding in this case "against Officer Jax Odha and Officer Evan Horvath in their individual capacities for compensatory and punitive damages for using excessive force by slamming him to the ground, assaulting him, and tasing him while he was fully restrained and not posing a threat in violation of the Eighth Amendment on or around July 28, 2021[.]" ECF 32 at 3. The defendants filed a summary judgment motion, arguing Mr. Jones didn't exhaust his administrative remedies before filing this lawsuit. ECF 46. Mr. Jones filed a response, and the defendants filed a reply. ECF 58, ECF 64. Mr. Jones also filed a motion for a hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the defendants filed a response, and Mr. Jones filed a motion for an enlargement of time to prepare a "Response to Pavey hearing." ECF 67, ECF 68, ECF 69. The summary judgment motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such

that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citing *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

The defendants argue Mr. Jones didn't exhaust his administrative remedies before filing this lawsuit because he never submitted any grievance at the Elkhart County Jail. ECF 47. Specifically, they provide evidence showing the following. The Elkhart County Jail has a grievance procedure that requires inmates to complete various steps to exhaust a grievance. ECF 49-1 at 5. First, the inmate must communicate his grievance to the housing officer verbally at the time the issue arises. *Id.* at 5, 28. Second, the inmate must put the grievance in writing on the electronic kiosk "within 3 days of the incident." *Id.* The inmate will receive a response from the shift sergeant within 7 days, and then must complete various other appeal processes through the electronic kiosk. *Id.* at 5, 28-29. Mr. Jones's grievance records show he never submitted any grievances at the Elkhart County Jail. *Id.* at 6.

In his response, Mr. Jones concedes he never submitted or exhausted any grievance at the Elkhart County Jail. ECF 64. The court accepts this as undisputed. Instead, Mr. Jones argues his administrative remedies were unavailable because he didn't have access to the Inmate Handbook or electronic kiosk system in time to file a grievance. Specifically, Mr. Jones first arrived at the Elkhart County Jail on July 28, 2021, the same day the defendants' alleged use of force occurred. ECF 49-1 at 3. But he didn't have access to the Inmate Handbook or electronic kiosk system until August 3, 2021, when the time to submit a grievance already had expired. ECF 64 at 3-5.

In their reply, the defendants concede Mr. Jones didn't have access to the Inmate Handbook and electronic kiosk system until August 3. ECF 58 at 2. The court accepts this too as undisputed. Regardless, the defendants argue Mr. Jones should have submitted a

3

grievance on August 3 once he gained access to the electronic kiosk. ECF 58 at 2-3. But there is no evidence the grievance process allowed Mr. Jones to submit a grievance on August 3. Specifically, the grievance process provides that an inmate must submit a grievance through the electronic kiosk "within 3 days of the incident," and that any grievance submitted outside of this timeframe "will be considered closed." ECF 49-1 at 28-29. It is undisputed the time to grieve the July 28 incident already had expired on August 3, and there is no evidence the grievance procedure allowed Mr. Jones to submit an untimely grievance or request a time limit extension. Therefore, there is no evidence Mr. Jones had an available administrative remedy to exhaust once he gained access to the Inmate Handbook and electronic kiosk on August 3.

The defendants also argue Mr. Jones could have submitted a grievance "in writing" because no electronic kiosk was available to him. ECF 47 at 6-7. Specifically, the Inmate Handbook provides that when no electronic kiosk is available, grievances can be submitted in writing to the appropriate staff member. ECF 49-1 at 5, 9. But Mr. Jones had no way of knowing this information, as he didn't have access to an Inmate Handbook and he states that none of the officers he told about the situation in the days following informed him that he could submit a written grievance. ECF 64 at 4-5. Because the defendants do not dispute this assertion, there is no evidence Mr. Jones knew he could have submitted a written grievance.

Accordingly, because it is undisputed Mr. Jones didn't have access to the Inmate Handbook and electronic kiosk until August 3, when the time to submit a grievance already had expired, there is no evidence he ever had any available administrative

4

remedy at the Elkhart County Jail. The defendants have therefore not met their burden to show Mr. Jones had available administrative remedies he didn't exhaust before filing this lawsuit.

For these reasons, the defendants' motion for summary judgment (ECF 46) is DENIED and Mr. Jones' motions for a *Pavey* hearing (ECF 67) and for an enlargement of time to prepare a "Response to Pavey hearing" (ECF 69) are DENIED AS MOOT.

SO ORDERED.

July 31, 2024                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court